UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,
    Plaintiff,

v.                                         Case No. 06-C-0862

MARY GORSKE, CHARLES LAWSON,
CAPTAIN SCHUELER, BELINDA SCHRUBBE,
MIKE THURMER, PHIL KINGSTON,
CYNTHIA THORPE, JIM GREER,
BUREAU OF HEALTH SERVICES,
STEVE CASPERSON, MATTHEW J. FRANK,
GAIL WALTZ and BRUCE A. SIEDSCHLAG,
    Defendants.

## DECISION AND ORDER

Plaintiff, Christopher Goodvine, filed this pro se civil rights action under 42 U.S.C. § 1983 and is proceed in forma pauperis. This order addresses plaintiff's motions to amend the complaint, plaintiff's motion to appoint counsel and plaintiff's motion for temporary restraining order.

### I. MOTIONS TO AMEND THE COMPLAINT

Plaintiff filed an amended complaint on February 7, 2007. On February 12, 2007, plaintiff filed a motion seeking leave to incorporate his original complaint exhibits into the amended complaint. Inasmuch as plaintiff, a state prisoner, seeks relief from a governmental entity or officer or employee of a governmental entity, I am required to screen his amended complaints under 28 U.S.C. § 1915A(a). I must dismiss an amended complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. Gomez

2

v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

On January 5, 2007, I screened plaintiff's first complaint and permitted him to proceed on medical care, retaliation, legal mail, access to the courts, conspiracy, excessive force and due process claims. By his proposed amended complaint, plaintiff seeks to elaborate on his retaliation and legal mail claims and pursue a new claim predicated on the Americans with Disabilities Act (ADA). I will now examine the proposed amended complaint to determine whether it states any additional claims for relief.

Plaintiff first contends that his rights under the ADA were violated because asthmatic inmates residing in the HSC are prohibited from bringing their inhalers to recreation. (Amend. Compl. ¶ 73). As a result, plaintiff is prevented from participating in recreational activities. Id. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication, or transportation barrier, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Supreme Court has held that the term "public entity" includes state prisons. United States v. Georgia, 546 U.S. 151, 154 (2006) (citing Penn. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998)). Thus, plaintiff has arguably stated an ADA claim.

3

Next, plaintiff avers that Sergeant Siedschlag (defendant Bruce A. Siedschlag's brother), a correctional officer at Waupun Correctional Institution, retaliated against him for filing this lawsuit. (Amend. Compl. ¶¶ 74-79). Specifically, after learning that plaintiff filed this civil rights action against his brother, Sergeant Siedschlag ransacked plaintiff's cell and opened his sealed mail that was to be sent to the Eastern District of Wisconsin. Id. A plaintiff must plead three elements in order to state a claim for retaliation: he must "specif[y] a retaliatory action;" he must name the appropriate defendants; and he must "assert[] a constitutionally protected activity, the exercise of which caused the. . . retaliatory action." Hoskins v. Lenear, 395 F.3d 372, 275 (7th Cir. 2005). Plaintiff has met this standard: he identified the search of his cell and the opening of his mail as the retaliatory action; he specified the relevant defendant (Sergeant Siedschlag); and he invoked his constitutional right to access the courts. Thus, plaintiff has stated a claim for retaliation.

Finally, plaintiff claims that Sergeant Siedschlag opened his legal mail outside his presence. Prisoners have a limited liberty interest in their mail under the First and Fourteenth Amendments. Thornburgh v. Abbott, 490 U.S. 401, 408 (1989). The inspection of personal mail for contraband is a legitimate prison practice, justified by the important governmental interest in prison security. Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986). Further interference with an inmate's personal mail must be reasonably related to legitimate prison interests in security and order. Turner v. Safley, 482 U.S. 78, 89 (1987). Moreover, it is well established that prisoners have a First Amendment right to be free from certain interference with their "legal" mail. Wolff v. McDonnell, 418 U.S. 539, 577 (1974); see also Turner, 482 U.S. at 84; Kaufman v. McCaughtry, 419 F.3d 678, 685-86 (7th Cir. 2005). Therefore, prison officials may only inspect, not read, certain types of legal mail in the

presence of the inmate. Wolff, 418 U.S. at 577; Bach v. People of State of Ill., 504 F.2d 1100, 1102 (7th Cir. 1974). Based on this, plaintiff states a legal mail claim in addition to his ADA and retaliation claims. Accordingly, plaintiff's February 7, 2007, request to amend the complaint will be granted.

On February 12, 2007, plaintiff filed a motion to amend the complaint to include the exhibits he attached to the first complaint. As a general rule, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Ed. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). However, in the present case plaintiff has attached to his original complaint more than 50 exhibits. Inasmuch as plaintiff's incarceration may pose a challenge to him timely obtaining photocopies of these documents, I will make a rare exception and consider his exhibits as part of the amended complaint. Accordingly, plaintiff's February 12, 2007, motion to amend the complaint will be granted.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff filed a motion for appointment of counsel on June 11, 2007. As grounds for his request, plaintiff states: (1) he is indigent; (2) he is unable to investigate his claims; and (3) he does not understand the discovery process. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

5

In this case, plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from three law firms that have declined to represent him in this matter. Our inquiry, however, does not end here. Once plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

The issues in this case appear at this stage to be straightforward and uncomplicated. Further, plaintiff's filings thus far indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, plaintiff's request for appointment of counsel will be denied without prejudice.

### III. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff asks for a temporary restraining order directing prison officials at Green Bay Correctional Institution to: (1) allow him to use the prison law library everyday; (2) provide him additional case citations; (3) provide him with carbon paper; (4) supply daily pen inserts; and (5) furnish legal assistance from another inmate. (Pl.'s June 11, 2007, Affidavit ¶ 5). When considering whether to grant a temporary restraining order, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." Aircraft Owners & Pilots Ass'n v. Hinson, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations omitted). If the moving party has demonstrated those

6

items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. Id. The Court of Appeals for the Seventh Circuit has adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. Ty, Inc. v. Jones Group, 237 F.3d 891, 895-96 (7th Cir. 2001).

In the present case, plaintiff has failed to demonstrate that he will suffer irreparable harm if his request for injunctive relief is denied. Specifically, review of the docket in this case reveals that plaintiff has adequately and timely responded to defendants' motions for summary judgment. Moreover, there are no pending deadlines that require him to file anything with the court.

Plaintiff has also failed to show that he lacks an adequate remedy at law. Rather, it appears that he has at least two remedies at his disposal. First, he may file an inmate complaint with the Inmate Complaint Review System (ICRS). In the alternative, plaintiff may file a motion to amend the complaint under Fed.R.Civ.P. 15 to add a new claim based on denial of access to the courts.

Finally, plaintiff has failed to demonstrate a likelihood of success on the merits of an access to the courts claim. The conditions of which he complains, while inconvenient, do not alone violate his right of access to the courts. See Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986)(prison administrators need not provide inmates with "the best possible access to the courts."); Procunier v. Martinez, 41 U.S. 396, 417 (1974)(prison administrators "are not required to adopt every proposal that may be thought to facilitate prisoner access

to the courts."). For these reasons, plaintiff's motion for temporary restraining order will be denied without prejudice.

As a final matter, it appears that plaintiff has been transferred from Waupun Correctional Institution (WCI) to Green Bay Correctional Institution (GBCI). Plaintiff did not notify the court of his change of address. Plaintiff is advised that he must keep the court apprised of his most current address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's request to amend the complaint (Docket #30) is **GRANTED.**

**IT IS FURTHER ORDERED** that Sergeant Siedschlag shall be added as a defendant in this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant Sergeant Siedschlag pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

8

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Docket #32) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #63) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (Docket #63) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the docket shall be amended to reflect that plaintiff's current address is: Christopher Goodvine, Inmate # 310458, Green Bay Correctional Institution, P.O. Box 19033, Green Bay, Wisconsin 54307.

Dated at Milwaukee, Wisconsin, this 29 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge