# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,
        **Plaintiff,**

    **v.**                                    **Case No. 06-C-0862**

MARY GORSKE, CHARLES LARSON,
CAPTAIN SCHUELER, BELINDA SCHRUBBE,
MIKE THURMER, PHIL KINGSTON,
CYNTHIA THORPE, JIM GREER,
BUREAU OF HEALTH SERVICES,
STEVE CASPERSON, MATTHEW J. FRANK,
GAIL WALTZ, BRUCE A. SIEDSCHLAG and
SERGEANT SIEDSCHLAG,
        **Defendants.**

## DECISION AND ORDER

      Plaintiff, Christopher Goodvine, a state prisoner at all times relevant, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  Before me are defendants' two motions for partial summary judgment, defendants' motion to stay discovery, plaintiff's motion for order, plaintiff's motion to compel and plaintiff's request for sanctions.

### I. DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**A.    Background**

      On August 11, 2006, plaintiff filed a § 1983 complaint alleging that defendants Mary Gorske, Charles Larson, Captain Schueler, Belinda Schrubbe, Mike Thurmer, Phil Kingston, Cynthia Thorpe, Jim Greer, the Bureau of Health Services, Steve Casperson, Matthew J. Frank, Gail Waltz and Bruce A. Siedschlag violated his constitutional rights.

---

[1]Subject matter jurisdiction exists under 28 U.S.C. § 1331, with claims arising under § 1983 and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12102, et seq.

By order dated January 5, 2007, I granted plaintiff's motion for leave to proceed in forma pauperis on claims under the First, Eighth and Fourteenth Amendments as well as a § 1983 conspiracy count.

On April 25, 2007, defendants filed a motion for partial summary judgment on plaintiff's Fourteenth Amendment involuntary medical care and Eighth Amendment excessive force claims. Thereafter, plaintiff amended his complaint to include an ADA claim against defendants Kingston and Schueler and a retaliation claim against defendant Sergeant Siedschlag. Defendants filed a second motion for partial summary judgment on the ADA claim on May 17, 2007. Both motions for partial summary judgment are fully briefed and ready for resolution.

## B.    Summary Judgment Standard

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." Id.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the

2

evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence.  Id. at 325.  Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial.  Id. at 323-24.  Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable."  Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## C. Preliminary Matters

Two preliminary comments are necessary with respect to defendants' motion for partial summary judgment filed April 25, 2007.  By this motion, defendants seek dismissal of plaintiff's retaliation, excessive force, involuntary medical care and inadequate medical care claims.  However, plaintiff states that defendants misstated his retaliation and inadequate medical care claims.  Specifically, plaintiff asserts that he "never filed suit

3

against defendants Larson and Kingston for retaliating against me...by seeking a force-feeding order" and he did not "state a claim with respect to HSU's lack of staff on the midnight shift." (Pl.'s May 11, 2007, at 5-7). Therefore, defendants subsequently indicated that they wish to abandon these arguments. (<u>See</u> Def.'s Second Mot. for Partial Summary Judgment n. 1).

The remainder of defendants' first motion for partial summary judgment, which concerns plaintiff's excessive force and involuntary medical care claims, is essentially re-argued in their second motion for partial summary judgment. In particular, defendants assert that they are entitled to summary judgment on these two claims because plaintiff failed to exhaust his administrative remedies. Inasmuch as defendants no longer wish to pursue their retaliation and medical care arguments as set forth in their first motion for partial summary judgment, and their second motion for partial summary judgment reiterates the arguments in their prior application, defendants' first motion for partial summary judgment will be withdrawn.

Next, defendants assert that their second motion for partial summary judgment should be considered as undisputed because plaintiff's response does not comply with Civil Local Rule 56.2(b)(1) (E.D. Wis.). Specifically, defendants contend that plaintiff does not respond to each proposed finding of fact. Rule 56.2(b)(1) provides:

> Response. Any materials in opposition to a motion filed under this rule must be filed within 30 days from service of the motion and must include:
>
> (1) A specific response to the movant's proposed finding of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

4

Review of plaintiff's May 24, 2007 response reveals that he disagrees with defendants' assertion that he did not show good cause to justify an extension of the time limit for filing an inmate complaint. (See Def.'s PFOF 2 ¶ 24, May 17, 2007; Pl.'s Response ¶¶ 5-7). Although plaintiff does not respond to defendants' finding of fact by paragraph number, he addresses their arguments and cites to evidentiary materials in the record. Accordingly, I decline to consider defendants' second motion for summary partial summary judgment as undisputed.

Next, plaintiff avers that defendants' May 17, 2007 motion for summary judgment should be stricken because: (1) it is cumulative; and (2) he does not possess the "know-how" to respond. The decision whether to permit a successive summary judgment motion lies within the discretion of the court. Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995); Grayson v. O'Neill, 308 F.3d 808, 817 (7th Cir. 2002) ("Permitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position to make such decisions.").

In the present case, defendants' first motion for partial summary judgment has been withdrawn. Moreover, despite plaintiff's assertions to the contrary, he filed a meaningful response to defendants' motion. Therefore, plaintiff's request to strike defendants' second motion for partial summary judgment will be denied.

## D. Facts

At all times relevant, plaintiff was an adult inmate incarcerated at Waupun Correctional Institution (WCI). However, plaintiff is currently incarcerated at Redgranite Correctional Institution (RGCI).

5

Plaintiff is proceeding on a claim that defendants violated his rights under the Eighth and Fourteenth Amendments when they force-fed him. On August 2, 2006, plaintiff filed Inmate Complaint 2006-WCI-22476 concerning the actions of defendant Dr. Larson. The complaint states, in pertinent part,

> On June 27, 2006, plaintiff was told by Nurse Patty Green that Dr. Larson had ordered that plaintiff would no longer be afforded the opportunity to voluntarily consume liquids administered as part of an order to force-feed. Plaintiff would either eat the food on tray or be given supplement via an N-G tube. Plaintiff, who was on a hunger strike, refused to eat dinner, and without allowing him to voluntarily drink the fluids HSU desired to administer, plaintiff was forced to consume by having a tube shoved into his stomach via his nose.

(Gozinske Aff. Ex. B at 2.)

On August 2, 2006, plaintiff was notified that his complaint was rejected because it was filed beyond the 14 day limit as set forth in Wisconsin Administrative Code § DOC 310.09(6). Plaintiff appealed the rejection of Inmate Complaint WCI-2006-22476 on August 9, 2006. That same day, the reviewing authority affirmed the rejection of the complaint.

## E.    Discussion

Defendants contend that they are entitled to summary judgment as to plaintiff's Eighth Amendment excessive force and Fourteenth Amendment due process claims because he failed to exhaust his administrative remedies. Additionally, defendants argue that plaintiff's ADA claim should be dismissed under the doctrine of sovereign immunity.

### 1.    Exhaustion of Administrative Remedies

First, defendants submit that plaintiff failed to exhaust his excessive force and due process claims. The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110

6

Stat. 1321 (1996), provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a. Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner's failure to exhaust administrative remedies before bringing a § 1983 suit is an affirmative defense, which defendants must raise. Jones v. Bock, 127 S. Ct. 910 (2007).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Id. § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Id. § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the Inmate Complaint Examiner (ICE) within fourteen days after the occurrence giving rise to the complaint. Id. §§ DOC 310.07(1) and 310.09(6). The ICE may reject a complaint submitted beyond fourteen calendar days from the date of the occurrence giving rise to the complaint. Id. § DOC 310.11(5)(d). However, the ICE may also accept a late complaint for good cause. Id. § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE

7

either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Id. § DOC 310.11(11).

An inmate may appeal a rejected complaint within 10 days to the appropriate reviewing authority. Id. § DOC 310.11(6). The appropriate reviewing authority shall review only the basis for the rejection of the complaint. Id. The reviewing authority's decision is final. Id.

In the present case, it is undisputed that the events giving rise to plaintiff's complaint occurred on June 27, 2006. On that date, plaintiff was told that he would either eat the food on his tray or be given a supplement with a nasal-gastric tube. Plaintiff did not file an inmate complaint on this issue until August 2, 2006. Therefore, Inmate Complaint WCI-2006-22746 was not timely filed under Wisconsin Admininstrative Code § DOC 310.09(6).

The PLRA requires "proper exhaustion" of administrative remedies, meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 126 S.Ct. 2378, 2386-87 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Generally, when a prisoner causes the unavailability of the grievance process by failing to file a grievance in a timely manner, the process is not unavailable but rather forfeited." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

However, plaintiff avers that exhaustion of the ICRS was impossible because his administrative remedies were unavailable. Specifically, plaintiff states: (1) prison officials

8

in Wisconsin have the discretion to accept untimely complaints; and (2) various sources indicated that plaintiff was required to informally resolve his concerns before filing an inmate complaint.

With respect to his first argument, plaintiff appears to believe that the ICE is required to accept a late complaint any time good cause is shown. However, it is clear that the ICE's decision whether to accept a late complaint is discretionary in nature. See Wis. Admin. Code. § DOC 310.06(6). To the extent plaintiff is asking me to review whether the ICE properly exercised his discretion, I decline this request because courts should not supplement their judgment for that of prison administrators regarding matters on which the administrators are better informed. See Garza v. Miller, 688 F.2d 480, 487 (7th Cir. 1982) ("Our judicial function is not to 'second-guess' the decisions of the prison administration."). Based on the foregoing, I am not persuaded that plaintiff's administrative remedies were unavailable merely because of the ICE's exercise of discretion against plaintiff in this matter.

Next, plaintiff avers that his administrative remedies were unavailable because he mistakenly believed that he was required to resolve his dispute informally before filing Inmate Complaint WCI-2006-22476. As a result, plaintiff contacted defendants Schrubbe and Kingston regarding the force-feeding order prior to filing his inmate complaint, which caused the complaint to be untimely filed. Plaintiff was under the impression that WCI policy required him to informally resolve his dispute because: (1) the prison handbook advises inmates to attempt to informally resolve their concerns before filing an inmate complaint; and (2) it is standard practice for prison officials to return complaints unfiled with directions to first attempt to resolve the issue by contacting appropriate staff.

9

As a general rule, a prisoner's lack of awareness of a grievance procedure does not excuse his non-compliance. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (holding that if administrative remedies are available, the prisoner must exhaust them). However, the administrative process may be rendered unavailable where prison policy is misleading or confusing. See Brown v. Croak, 312 F.3d 109, 111-112 (3d Cir. 2002) (reversing grant of summary judgment where plaintiff claimed that he was told to wait completion of investigation before filing complaint); see also Hemphill v. New York, 380 F.3d 680, 690 (2d Cir. 2004) (case remanded to determine whether the allegedly confusing regulations presented special circumstances that justified plaintiff's failure to follow normal prison grievance procedures).

In the present case, plaintiff has submitted two inmate complaints (other than Inmate Complaint WCI-2006-22476) that were returned to him unfiled because he did not attempt to informally resolve his concerns with prison officials before filing the complaint. (See Pl.'s Resp. to Def's First Mot. for Summ. J. Exs. D & E). Additionally, plaintiff has submitted a sworn statement that the WCI Handbook advises prisoners to informally resolve their disputes before filing an inmate complaint. (Pl.'s Aff. in Resp. to Def.'s First Mot. for Summ. J. ¶¶ 9, 33 & 39).

Defendants contend that it was unreasonable for plaintiff to contact defendants Schrubbe and Kingston to attempt to informally resolve his force-feeding issues prior to filing a formal inmate complaint. Notably, they offer no legal authority in support of their position. Moreover, defendants do not dispute plaintiff's assertion that the WCI Handbook instructs inmates to attempt to resolve their disputes before filing complaints. Additionally,

10

defendants concede that plaintiff was advised in his previous complaints to first attempt to resolve his dispute before bringing a formal complaint.

In light of the foregoing, I find that at this time defendants have not met their burden of showing that plaintiff failed to exhaust his administrative remedies. Therefore, defendants' motion for summary judgment on plaintiff's excessive force and due process claims will be denied.

### 2. ADA Claim

Plaintiff alleges that defendants Kingston and Schueler violated the ADA by acquiescing to WCI's policy forbidding inmates in the segregation building from taking their inhalers to recreation. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2000 ed.). Under the ADA, the term "public entity" means any state or local government. 42 U.S.C. § 12131(1)(A).

In the present case, plaintiff has not sued a state or local government. Rather, he has sued defendants Kingston and Schueler in their individual and official capacities for monetary damages. There is no personal liability for individual defendants under the ADA. Walker v. Snyder, 213 F.3d 344, 347 (7th Cir. 2000) (overruled on other grounds). Therefore, the individual capacity claim against defendants Kingston and Schueler are dismissed.

The ADA does allow for official capacity claims against individual defendants to the extent they are proxies for the state. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). However, in such a case, a plaintiff could only obtain injunctive relief because the

11

Eleventh Amendment bars claims for money damages against officers of a state sued in their official capacities. See Omosegbon v. Wells, 335 F.3d 668, 672-73 (7th Cir. 2003).

In the present case, plaintiff seeks only monetary damages from defendants and he does not request injunctive relief. Thus, his official capacity claims against defendants Kingston and Schueler are barred under the Eleventh Amendment. Accordingly, defendants' motion for summary judgment will be granted as to plaintiff's ADA claims.

To summarize, the defendants' motion is granted as to the ADA claim. The defendants' motion is denied as to the plaintiff's excessive force and due process claims. Additionally, I note that the plaintiff is proceeding on several other claims as stated in the screening order. This includes the claims pertaining to retaliation and adequate medical care that were disregarded for purposes of resolving this motion.[2]

## II. DEFENDANTS' MOTION TO STAY DISCOVERY AND PLAINTIFF'S MOTION FOR ORDER

Defendants filed a motion to stay discovery on August 12, 2007. As grounds for their request, defendants state that they have moved for summary judgment on plaintiff's ADA and Eighth and Fourteenth Amendment claims. In response, plaintiff filed a motion for a court order preventing defendants from staying discovery. Given the resolution of the motions for summary judgment, I will deny these motions as moot.

As discussed above, defendants' first motion for partial summary judgment has been withdrawn. Defendants' second motion for partial summary judgment has been

_____

[2] Defendants request that I dismiss these claims based on plaintiff's representation that he is not pursuing the claims described in defendants' first motion for summary judgment. I decline to do so at this time, as it is possible that plaintiff was only objecting to defendants' characterization of his claims. Defendants may use the discovery process to further clarify plaintiff's claims, if needed.

12

granted in part and denied in part. Specifically, plaintiff's ADA claim has been dismissed and defendants' motion was denied as to the excessive force and involuntary medical care claims. Accordingly, it is unnecessary to stay discovery pending resolution of the motions for partial summary judgment. Therefore, defendants' motion to stay discovery and plaintiff's motion for a court order to prevent the stay of discovery will be denied.

### III. PLAINTIFF'S MOTION TO COMPEL

On August 21, 2007, plaintiff filed a motion to compel defendants to respond to his second set of interrogatories, requests for admissions and request for production of documents. Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Federal Rule of Civil Procedure 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Civ. L.R. 37.1.

Plaintiff has satisfied the personal consultation requirement. Additionally, he included with his motion a statement that the parties were unable to resolve their differences after personal consultation. Therefore, I will now address his motion to compel.

On June 18, 2007, plaintiff served defendants with his second set of interrogatories, requests for admissions and requests for production of documents. (See Pl.'s Mot. to

13

Compel Exs. A, B & C.)  Plaintiff seeks to compel defendants to provide more complete answers to all of these requests, which total 76 in number.  He claims that defendants' initial responses were deficient for the following reasons: (1) defendants refused to respond to his interrogatories because he sought information about claims that were not at issue; (2) defendants refused to respond to his interrogatories because their motions for summary judgment were pending; (3) defendants' responses were evasive and incomplete; and (4) defendants refused to provide him with confidential information about other inmates.

As a preliminary matter, I note that plaintiff has made no specific objection to defendants' responses to interrogatories 6, and 23 to 26 and requests for admissions 1, 5 to 13, 22, 24 and 25.  Inasmuch as plaintiff has not indicated why defendants' responses are deficient, he has failed to show why it is necessary to compel defendants to provide him with the information he seeks.  Consequently, the motion to compel will be denied as to these requests.

As to his first argument, plaintiff believes that defendants improperly objected to several of his discovery requests on grounds that he is not proceeding on claims related to the question presented.[3]  For example, in interrogatory 19, plaintiff asks defendant Kingston, "What were (sic) the extent of your investigation into my complaints to you via letter on 7-29-06 and 8-11-06 regarding Sgt. Siedschlag intering (sic) my cell and trashing it and destroying some of my legal papers.  Please describe in detail?"  (Pl.'s Ex. A ¶ 19).

---

[3]Defendants so responded to plaintiff's interrogatories 1, 2, 16, 18 to 22, requests for admissions numbers 2, 3, 4, and 15, and request for production of documents numbers 4 and 5.

14

Defendants objected to this inquiry because when they received the request on July 17, 2007, defendant Sgt. Siedschlag was not a party to this action.

In general, parties may obtain discovery regarding any matter which is relevant. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401(b).

In the present case, defendants objected to responding to interrogatory 19, as well as numerous other discovery requests, because they were not relevant to the claims at issue. Although plaintiff has since amended his complaint to include a claim against defendant Sgt. Siedschlag, defendants were reasonable in objecting to this request at the time it was received.

Plaintiff avers that defendants' relevancy objection is a ruse and that they are trying to evade providing him with the discovery he seeks. Specifically, he argues that defendants should not be permitted to object to his requests for information on relevancy grounds when they had already filed an answer to the amended complaint and a motion for summary judgment concerning such claims.

Plaintiff's argument is misplaced. Under Federal Rule of Civil Procedure 12(a), defendants are required to answer the complaint. Moreover, defendants' motion for summary judgment set forth procedural defenses (such as failure to exhaust) and did not address the merits of plaintiff's claims. Therefore, defendants reasonably objected to responding to plaintiff's discovery requests on relevancy grounds.

15

Next, plaintiff argues that defendants improperly objected to several of his discovery requests on grounds that their motions for summary judgment were pending.[4]  For example, in interrogatory number 10, plaintiff asks whether it is preferable to allow him to voluntarily consume fluids or force feed him via a nasal-gastric tube.  (See Pl.'s Mot. to Compel Ex. A ¶ 10).  At the time defendants responded to this request on July 17, 2007, they had moved for summary judgment on plaintiff's excessive force and involuntary medical care claims.

As previously discussed, defendants argued in their summary judgment motion that plaintiff's excessive force and involuntary medical care claims were subject to dismissal because plaintiff failed to exhaust his administrative remedies.  Exhaustion is a condition precedent to suit, Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999)) and, therefore, any discovery concerning the merits of plaintiff's claims was arguably premature prior to resolution of defendants' motions.  See Sprague v. Brook, 149 F.R.D. 575 (N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion).  Indeed, defendants filed a motion to stay discovery pending resolution of their motions for partial summary judgment for this reason.  Therefore, defendants reasonably objected to plaintiff's discovery demands on grounds that their motions for summary judgment were pending.

---

[4]Defendants so responded to plaintiff's interrogatories 3 and 8 to 15, and requests for admissions 14, 16 to 21 and 23, and requests for production of documents 12 and 16 to 21.

Next, plaintiff claims that defendants' responses to several of his discovery requests were evasive and incomplete.[5]  For example, in interrogatory number 26, plaintiff asked defendants "who are the parties who sued you or brought any civil or criminal complaints against you with respect to interrogatory No. 6 above."  Defendants objected to this request as being overly burdensome and unlikely to lead to the discovery of admissible evidence.[6]

Under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), a court must limit the extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Taking all of these factors into consideration, it does not appear that defendants' response to interrogatory number 26 was evasive.  Indeed, it is unclear how a response to this request is important to resolving the claims at issue.   Therefore, defendants were reasonable in objecting to this request on grounds that it was overly burdensome and unlikely to lead to the discovery of admissible evidence.

_____

[5]Specifically, plaintiff claims that defendants provided incomplete answers to interrogatories 7, 24 and 26.

[6]Defendants also objected to request for production of documents 10, 13, 15, 23 and 24 on grounds that the information sought was burdensome and unlikely to lead to the discovery of admissible evidence.

17

Next, plaintiff claims that defendants improperly objected to several of his discovery requests on grounds that he requested confidential information about other inmates.[7] For example, plaintiff asks for

> [a]ny and all grievance, complaints, or other documents received by any of the defendants or their subordinates concerning the denial of medical treatment or refusal to provide medical care to any inmate by Nurse Gorske and Nurse Waltz, and any other documents created in response to, or investigation of such grievances, complaints, or other similarly (sic) documents, since January 1, 2005.

(Pl.'s Mot. to Compel Ex. C ¶ 1.)

Generally, broad discovery is available under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(1). When a party objects to discovery of confidential information, the court must weigh the interests of the parties and of public policy to arrive at an appropriate discovery compromise. Marrese v. American Academy of Orthopaedic Surgeons, 726 F.2d 1150, 1168 (7th Cir. 1984) (Wood, J., dissenting).

In the present case, plaintiff has not explained his interest in obtaining medical information about other inmates. Additionally, such information implicates legitimate privacy concerns of individuals who have nothing to do with this litigation. Denius v. Dunlap, 209 F.3d 944, 956-57 (7th Cir. 2000). In light of the absence of explanation from plaintiff as to why he seeks discovery of this information, I will deny his motion to compel. See Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923 (7th Cir. 2004).

---

[7]Defendants so responded to plaintiff's requests for production of documents 1, 2, 3, 4 and 6.

As a final matter, plaintiff asserts that defendants improperly objected to responding to his requests on grounds that the information he seeks is available through other means.[8] For example, plaintiff asks for

> [a] complete copy of every complaint filed by the plaintiff in this case from January 1, 2006, to date, and any ICE recommendations, appeal of those recommendation (sic) (whether appeal was taken to warden or CCE) and any and all memos, e-mails, queries or other information request made by ICE or CCI (sic) with respect to these complaints.

(Pl.s' Mot. to Compel Ex. C ¶ 7.)  Defendants advised plaintiff that he could obtain this information by making a formal request to Kathy Bierke at Green Bay Correctional Institution.  Id.

Generally, a party must provide information and documents it possesses, regardless of whether it otherwise available.  Abrahamsen v. Trans-State Express, Inc., 92 F.3d 425, 428 (6th Cir. 1996).  Defendants have indicated that the information plaintiff seeks in the possession of Green Bay Correctional Institution.  To the extent plaintiff objects to having to pay for such information because he is indigent, his constitutional right of access to the courts does not extend to include a subsidy of the costs of litigation, even if he is proceeding in forma pauperis.  See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that prisoners have no constitutional right to appointed counsel and costs of litigation in civil cases, even if they are indigent).

---

[8]Defendants so responded to plaintiff's request for production of documents 8, 9, 11, 14, 15, 16, 18, 19, 20 and 24.

19

As another example, plaintiff has also asked defendants to provide him with items that are arguably available to him through the prison law library such as "[a] copy of the entire DOC Administrative Code." (Pl.'s Mot. to Compel Ex. C ¶ 9.) This is not appropriate discovery material and defendants reasonably responded that plaintiff could make arrangements to view this document at the law library at Green Bay Correctional Institution.

In light of the foregoing, plaintiff's motion to compel will be denied without prejudice. Because defendants' motions for partial summary judgment have been denied, and plaintiff is proceeding on several claims, it appears that additional discovery is warranted. Moreover, it appears that the parties may require additional time in which to file dispositive motions. Therefore, the parties are advised that an amended scheduling order is forthcoming.

## IV. PLAINTIFF'S REQUEST FOR SANCTIONS

On September 25, 2007, plaintiff moved to sanction defendants for refusing to respond to his discovery requests. Specifically, plaintiff claims that defendants' answer to his second set of discovery requests are deficient and defendants have not responded to his third set of discovery requests.

Federal Rule of Civil Procedure 37(b) authorizes the court in which an action is pending to impose sanctions against a party who fails to obey a court order regarding discovery. As discussed above, defendants did not fail to properly respond to plaintiff's second request for production of documents. Moreover, I have not issued a discovery order with which the defendants have failed to comply. To the extent plaintiff wishes to sanction defendants for failing to respond to his third set of discovery requests, which were filed after defendants' motions for partial summary judgment, defendants' refusal to

20

respond to such requests prior to the resolution of their motions was not improper.  See Sprague, 149 F.R.D. at 577-78.  Therefore, plaintiff's request for sanctions will be denied.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' first motion for partial summary judgment (Docket #40) is **WITHDRAWN.**

**IT IS FURTHER ORDERED** that defendants' second motion for summary judgment (Docket #50) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery (Docket # 74) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket #78) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #78) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's request for sanctions (Docket # 84) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 30 day of January, 2008.


_/s_____
                    LYNN ADELMAN
                    District Judge

21