UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER GOODVINE,**
    **Plaintiff,**

  v.                                      Case No. 06-C-0862

**NURSE MARY GORSKE, DR. CHARLES LARSON,
CAPTAIN SCHUELER, BELINDA SCHRUBBE,
MIKE THURMER, PHIL KINGSTON, CYNTHIA THORPE,
JIM GREER, BUREAU OF HEALTH SERVICES,
STEVE CASPERSON, MATTHEW J FRANK,
NURSE GAIL WALTZ, BRUCE A SIEDSCHLAG,
and SGT SIEDSCHLAG,**
    **Defendants,**

---

## ORDER

Plaintiff, Christopher Goodvine, a state prisoner at all times relevant, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before me now are plaintiff's motion for the appointment of counsel, plaintiff's motion to compel discovery, defendants' motions to compel an authorization, defendants' motion to dismiss and defendants' motion to stay the dispositive motion deadline.

### I. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has renewed his request for me to appoint counsel, which I previously denied. As I noted in my July 30, 2007, decision and order, plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. However, the inquiry does not end there. Once the plaintiff meets his threshold burden, I must address the following question: given the difficulty of the case, does plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir.2007).

The issues in this case remain straightforward and uncomplicated. Additionally, plaintiff's filings continue to indicate that he is capable of litigating this case himself. As a result, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case. At this time, I will deny plaintiff's motion to appoint counsel without prejudice.

## II. PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff filed a motion for an order compelling defendants to answer certain questions contained in his second and third sets of discovery requests. Plaintiff's motion complies the procedural requirements of Fed. R. Civ. P. 37 and Civ. L.R. 37.1 (E.D. Wis.) because it includes a written statement that the parties were unable to resolve their differences after consultation.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See Fed. R. Civ. P. 37(a)(2) and (3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Plaintiff challenges defendants' objections to a number of questions in his second and third sets of discovery requests to defendants. Defendants argue that they have answered all of plaintiff's discovery requests and that my January 30, 2008 decision and order relieved them of any obligation to provide further responses to plaintiff's second set of discovery requests. It is true that my January 30, 2008 order denied a motion to compel by plaintiff.

2

However, at that time, plaintiff made a number of complaints about defendants' discovery responses and asked me to compel defendants to provide more complete answers to all 76 of the requests in his second set of discovery requests.

In his current motion, plaintiff has considerably narrowed the scope of the discovery requests he wants defendants to supplement. He primarily argues that defendants must supplement responses to which they originally objected but the objections no longer apply. The two objections that no longer apply are (1) defendants' refusal to answer some questions regarding claims in plaintiff's amended complaint that I had not yet screened;[1] and (2) defendants' objection to providing discovery responses while their motion for partial summary judgment was pending.[2]

Under Federal Rule of Civil Procedure 26(e), defendants "must supplement or correct [their] disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." While defendants' objections may have been appropriate when they first responded to plaintiff's discovery requests, they no longer applied once I screened plaintiff's amended complaint and denied defendants' motion for partial summary judgment. The objections originally provided are no longer valid.

In an April 24, 2008, letter to defendants' counsel, plaintiff asked defendants to supplement their responses to his second set of discovery, in addition to providing responses to his third set of discovery. Upon plaintiff's formal request for supplementation,

---

[1] In a decision and order dated July 30, 2007, I granted plaintiff's motion to amend the complaint to include legal mail and retaliation claims against Sergeant Siedschlag, as well as an ADA claim.

[2] I denied defendants' motion for partial summary judgment in my January 30, 2008, decision and order.

3

defendants' refusal was not warranted. Thus, I will address each of the plaintiff's requests individually.

First, plaintiff seeks to compel defendants to supplement their answers to interrogatory numbers 1, 2, 16 and 18 in plaintiff's second set of interrogatories to defendant Steven Schueler. However, plaintiff's own motion indicates defendants have responded to those requests. Plaintiff is simply dissatisfied with their answer. Plaintiff's argument on this issue states:

> Defendants initially objected to these requests on the grounds of Objection A, See Exh. A, Pl.'s Mot. To Compel, Doc #80. Later, after the plaintiff's motion to amend his complaint was granted, they amended their response and as to all four, stated that "Defendant Schueler does not recall whether Goodvine's cell was searched or if he ordered it to be searched, there is no records available for defendants Schueler to refer to." This is not true.

I cannot compel defendant Schueler to remember something about which he has no recollection. Relative to these requests, I will deny plaintiff's motion.

Second, plaintiff asks me to compel defendants to supplement their response to request number 4 in plaintiff's third request for production of documents. Plaintiff is concerned that defendants are relying on wording and technicalities to keep from him a copy of a form documenting the search of his cell. Defendants shall inform plaintiff whether, in fact, the form and all copies no longer exist. If either the original or a copy of the form exists, defendants shall provide plaintiff with a copy.

Third, plaintiff asks me to compel defendants to supplement their responses to the following requests in his second set discovery requests: interrogatory numbers 3 and 8 through 14, and requests for admission numbers 14, 16 through 21, and 23. My denial of

4

defendants' motion for partial summary judgment changed circumstances such that defendants' continued failure to respond to these requests violates Rule 26(e)(1)(A). To the extent defendants objected to any of those interrogatories or requests for admissions due to their pending motion for partial summary judgment, I will require defendants to supplement their responses.

Fourth, plaintiff asks me to compel defendants to supplement defendant Gail Waltz's responses to interrogatory numbers four through seven of plaintiff's third set of interrogatories. Plaintiff posed the following interrogatories:

> 4. Nurse Waltz: What steps did you take to come to the conclusion that the 'breathing difficulties' I was having on the night of 4/10/06 was not an emergency? You state in your answer to interrogatory No. 4 of my Second Set of Interrogatories that "At no time" did you feel "that there was an emergency".
>
> 5. Nurse Waltz: did you make any further inquiries as to my "progress" or to how I was doing between the time of receiving the initial phone call from Sgt. Gutjahr and being told I had been sent to the E.R.?
>
> 6. Please describe in detail the inquiries made and the responses received.
>
> 7. Why did you not attempt to speak with me personally telephonically to better assess me?

Defendant Waltz's response to each of the above interrogatories was identical: "See Waltz's Answer to Plaintiff's Second Set of Interrogatories Nos. 4 and 6.[3] Also see Waltz's

---

[3] A review of plaintiff's second set of interrogatories and defendants' answer thereto indicates that defendants likely intend to refer to Interrogatory Nos. 4 and 5 rather than Interrogatory Nos. 4 and 6. Interrogatory No. 5 addresses substantive issues while Interrogatory No. 6 simply asks whether defendant Waltz and other defendants have ever been defendants in other lawsuits. Therefore I will consider defendant Waltz's responses to plaintiff's Interrogatory Nos. 4 and 5 instead of 4 and 6.

5

responses to Interrogatory Nos. 19 and 20 in Defendants' Answer to Plaintiff's Interrogatories." Plaintiff argues that Waltz's answers are not responsive to his discovery requests. Plaintiff further argues he needs the requested information because:

> a. Defendant Waltz claims that at no time did she feel the "situation" was an emergency. The discovery will help plaintiff satisfy the subjective component, that is, that she knew of and disregarded a substantial risk to plaintiff's healt[h];
>
> b. Did not take time to make the inquiries necessary for a reasonable health professional to make a sound decision;

I have considered and set forth Waltz's Answers to Plaintiff's Interrogatory Nos. 19 and 20:

> Interrogatory No. 19: Nurse Waltz: Why did it take you two hours to allow Waupun staff to send me to the E.R.?
>
> Answer: At no time when Ms. Waltz spoke to an officer did she feel the situation was an emergency until Captain Janssen found the situation an emergency. He then called the ambulance. Ms. Waltz did not know until after the fact.
>
> Interrogatory No. 20: Nurse Waltz: Why did you at first tell Sgt. Gutjahr that I would have to wait until the morning to see HSU staff?
>
> Answer: Based on the information she received through staff, Ms. Waltz felt it was not an emergency. However, she responded immediately with a call back to Captain Janssen to review the situation regarding the inhaler.

I have also considered Waltz's Answers to Plaintiff's Second Set of Interrogatories Nos. 4 and 5.

> Interrogatory No. 4: Nurse Waltz (Gail): In my first set of interrogatories, at Interrogatory No. 19, I asked you: Why did it take you two hours to allow Waupun staff to send me to the E.R.? To which you responded: At no time when Ms. Waltz spoke to an officer did she feel the situation was an emergency ....

6

> The DOC 300 IMP require that the on call nurse speak to the inmate by phone to assess the level of urgency and to question the patient. You did not do this even though Unit I was in had a cordless phone.
>
> The DOC-98 'Incident Report' form completed by Sgt. Gutjahr says that he instructed Capt. Janssen that I complaint of a very "tight chest" and "a hard time breathing" and that Capt. Janssen call you and then transferred you over to his (Sgt. Gutjahr's) extension. He then informed you of my complaint.
>
> Further, the 'Nursing Protocol Respiratory Distress/Dyspnea' states: "Sensation of difficult, plaintiff, or uncomfortable breathing. Usually reported as 'shortness of breath (SOB). Onset can be acute and sudden or progressive and chronic in nature."
>
> Thus, how could you not have "felt the situation was an emergency with all information provided by Sgt. Gutjahr?
>
> <u>Response No. 4</u>: At no time did defendant Waltz feel that there was an emergency situation. It was only later that she received a telephone call from Captain Jansen informing her that when he arrived at Goodvine's door to give him an inhaler, the patient was lying on the ground and wheezing, Waltz was informed that Goodvine had been sent to the hospital. Also see Waltz's responses to Interrogatory Nos. 19-20 in Defendants' Answer to Plaintiff's Interrogatories dated April 2, 2007.
>
> <u>Interrogatory No. 5</u>: Nurse Gail Waltz: During the hour of time that elapsed between you receiving the call from Capt. Janssen and calling back instructing him to give me the inhaler, why did you not require the officers to continually check on me and keep you posted on my condition?
>
> <u>Response No. 5</u>: See Waltz's responses to Interrogatory Nos. 19-20 in Defendants' Answer to Plaintiff's Interrogatories dated April 2, 2007.

Although some of plaintiff's interrogatories are argumentative and Interrogatory Nos. 4, 5, 6 and 7 are similar to the previously asked and answered interrogatories, they are not the same. Plaintiff seeks additional information based on defendant Waltz's previous

7

responses. He is entitled to answers from defendant Waltz. Therefore, I will direct defendant Waltz to supplement her answers to Interrogatory Nos. 4, 5, 6, and 7 in narrative form and without reference to earlier discovery responses.

Fifth and finally, plaintiff asks me to compel the disclosure of Nurse Waltz's phone records for the month of April 2006, which he believes would show calls to her house from the prison on the night of April 11, 2006, and calls to the prison from her house. Defendants made a general objection to this request, but they did not offer any reason why this information is not discoverable. As such, I will order defendants to produce records of calls to and from Nurse Waltz's home phone on April 11, 2006. It is understandable that Nurse Waltz may not want the plaintiff to possess her home phone number. Therefore, in the interest of limiting this disclosure to relevant information, defendant may redact all personal information other than the name on the account, and defendants also may redact all calls other than those received from and made to phone lines in the prison. I will grant plaintiff's request, with the limitations stated above.

## III. DEFENDANTS' MOTION TO COMPEL AUTHORIZATION

Defendants have filed a motion to compel an authorization and informed consent for use and disclosure of medical information. Plaintiff has filed a sworn letter regarding defendants' request for his authorization, which I will treat as a response to defendants' motion. Defendants have also filed a letter in reply.

The plaintiff has put his health at issue in this litigation and thereby waived physician-patient privilege. Wis. Stat. § 905.04(4)(c). Defendants are entitled to review the plaintiff's HSU records, which are relevant to some of the plaintiff's claims. Nevertheless, defendants need plaintiff's authorization in order to copy the medical records. An authorization from

8

plaintiff giving informed consent is necessary for the records to be copied and used by the defendants in this litigation. Wis. Stat. § 146.82(1). If plaintiff wishes to proceed with his medical claims in this litigation, he must provide defendants with a signed authorization giving his informed consent for defendants to have access to plaintiff's HSU records. If plaintiff refuses to provide an authorization, I will entertain a motion to dismiss those claims in which plaintiff's medical condition and treatment are at issue.[4]

Defendants are instructed to immediately provide plaintiff with a new authorization. I will direct plaintiff to sign the authorization and return the signed authorization to defendants within ten days of receiving it. After the ten days has elapsed, defendants shall inform me whether they have received the authorization. If plaintiff has not signed the authorization and provided it to defendants, I will issue a new scheduling order to entertain a motion to dismiss those claims in which plaintiff's medical condition is at issue.[5] If plaintiff has signed the authorization and provided it to the defendants, I will issue an amended scheduling order with dates for filing and responding to dispositive motions.

### IV. DEFENDANTS' MOTION TO STAY DISPOSITIVE MOTION DEADLINE

Defendants have filed a motion to stay the dispositive motion deadline. I note that I reluctantly granted the defendants an extension of time in order dated September 3, 2008.

---

[4] Defendants have already filed a motion to dismiss. In light of my rulings above, I consider dismissal too harsh a sanction at this time. Plaintiff has not yet violated a court order directing him to provide an authorization if he wishes to proceed with claims in which his medical condition and/or treatment is at issue. I will deny defendants' motion to dismiss without prejudice.

[5] I also note that even if plaintiff's medical care claims were dismissed, claims would survive that do not rely on plaintiff's medical records. As such, any motion to dismiss I may entertain in the future would relate only to those claims to which plaintiff's medical records were necessary or in which plaintiff's medical care is at issue.

Therein I cautioned defendants that they had ample time to prepare their case. Yet they apparently did not realize they did not have plaintiff's authorization and, therefore, his medical records. On September 29, 2008, defendants filed a motion to dismiss and a response to plaintiff's motion for partial summary judgment. As a result, I will deny as moot defendants' motion to stay. Consistent with my instructions above, I will issue a new scheduling order after defendants advise me whether plaintiff has signed the authorization.

## V. PLAINTIFF'S ADDITIONAL MOTIONS

On October 20, 2008, plaintiff filed a document containing several motions. First, plaintiff asks me to take judicial notice of three exhibits to his affidavit in support of his motion for partial summary judgment that he was unable to self-authenticate. Federal Rule of Evidence 201 allows a court to take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Judicial notice is not appropriate in this instance. Plaintiff attached exhibits D, E and F to his affidavit, thereby "authenticating" them through his sworn affidavit. I will deny plaintiff's motion for judicial notice, but I will consider the exhibits as evidence presented by plaintiff in support of his motion for summary judgment.

Second, plaintiff asks me to disregard defendants' responses to plaintiff's proposed findings of fact and seeks sanctions. Plaintiff argues that defendants failed to respond to a number of his proposed findings of fact because they attacked the findings' admissibility rather than addressing their content. It was defendants' prerogative to respond to plaintiff's proposed findings of fact as they saw fit. I will not disregard defendants' responses to

10

plaintiff's proposed findings of fact, and I do not consider sanctions appropriate in this case. Therefore, I will deny this motion.

Third, plaintiff asks me for leave to file additional proposed findings of fact and for leave to file an expanded brief. I will grant plaintiff's motion and consider the additional proposed findings of fact and his entire brief.

## VI.  CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket # 95) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order compelling discovery (Docket # 105) is **GRANTED IN PART AND DENIED IN PART**, as discussed above.

**IT IS FURTHER ORDERED** that defendants shall supplement their responses to plaintiff's discovery requests, consistent with this order, on or before **March 2, 2009**.

**IT IS FURTHER ORDERED** that defendants' motion to compel an authorization and informed consent for use and disclosure of medical information (Docket # 120) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants are instructed to immediately provide plaintiff with a new authorization. Plaintiff is directed to sign the authorization and return the signed authorization to defendants within ten days of receiving it. After the ten days has elapsed, defendants shall inform me whether they have received the signed authorization.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Docket # 130) is **DENIED WITHOUT PREJUDICE**.

11

**IT IS FURTHER ORDERED** that defendants' motion to stay dispositive motion deadline (Docket #125) is **DENIED AS MOOT**, as discussed above.

**IT IS FURTHER ORDERED** that plaintiff's motions (Docket #141) are **GRANTED IN PART AND DENIED IN PART**, as discussed above.

Dated at Milwaukee, Wisconsin, this 29 day of January, 2009.

/s
LYNN ADELMAN
District Judge