# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER GOODVINE,
        Plaintiff,

    v.                                                                    Case No. 06C0862

MARY GORSKE, et al.,
        Defendants.

## ORDER

        Pro se plaintiff Christopher Goodvine, a prisoner, brings this § 1983 action against a number of prison employees. Before me now are several motions. I previously authorized plaintiff to file a second amended complaint. Pursuant to Civil L.R. 15.1 (E.D. Wis.), I directed him to file his entire pleading rather than to list the changes he wished to make. After two months passed and plaintiff failed to file a pleading, I set a deadline of December 31, 2009. Plaintiff missed the deadline. He filed the second amended complaint on January 7, 2010 and now seeks to extend the time to file. Defendants seek to strike the amended pleading. I will grant defendants' motion to strike and deny plaintiff's motion to extend. I do so for two reasons. First, plaintiff fails to show good cause for failing to timely file. See Fed. R. Civ. P. 16(b). To show good cause, plaintiff must show that despite due diligence, he could not meet the deadline. Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005). Plaintiff states that he had difficulty renewing his legal loan, but this statement does not demonstrate that he acted diligently. He did not mention this problem until after he missed the deadline and more than three months had passed since he was supposed to file the amended pleading.

Plaintiff has no constitutional right to a subsidy to enable him to bring a civil law suit. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Lewis v. Sullivan, 526 F.3d 526, 528 (7th Cir. 2002). Second, even if plaintiff demonstrated good cause, I would deny his request because granting it would involve undue delay and prejudice to defendants. See Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005). Unlike the simple modifications previously sought, plaintiff's second amended complaint significantly alters his pleading and adds new claims. This case has already been pending for too long, and defendants would be unfairly prejudiced by having to deal with a number of new claims.

Plaintiff also seeks an order compelling defendants to respond to his fourth, fifth, and sixth sets of discovery requests. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996). Parties are permitted to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The parties attempted to resolve their discovery differences, see Fed. R. Civ. P. 37(a)(1), and agreed to reopen discovery. Plaintiff then filed additional interrogatories and requests for documents, but defendants objected to almost all of them on the basis that plaintiff exceeded the twenty-five interrogatory limit. Because the parties agreed to reopen discovery and because plaintiff's ability to conduct discovery is limited, I will grant his request and order defendants to respond to plaintiff's fourth, fifth, and sixth sets of discovery requests. See Fed. R. Civ. P. 26(b)(2)(A).

As to plaintiff's fourth set of discovery requests, his tenth request for production of documents seeks copies of certain state agency policies. His eleventh request seeks a complete copy of his medical file. Defendants objected to the expense of producing such copies, offering instead to provide plaintiff with access to his medical file and an index of policies so that he can request specific documents. This is reasonable and thus I will order defendants to do so. See Fed. R. Civ. P. 26(b)(2)(C).

As to plaintiff's fifth set of discovery requests, defendants state that they do not possess the documents sought in plaintiff's fourth request for production of documents. Therefore, I will not order defendants to produce them. Plaintiff's fifth request for production seeks copies of additional agency policies. As stated above, defendants are ordered to produce copies of specific policies plaintiff requests. I will order defendants to produce the documents sought in plaintiff's eighth request for production of documents to the extent that they are able. Plaintiff's tenth request seeks information relating to his force feedings. If the information sought exists, defendants are directed to produce it. His eleventh request seeks a copy of a 2006 medical staff signature verification form. Defendants are directed to provide plaintiff with a copy of the form.

Plaintiff also asks me to impose sanctions under 28 U.S.C. § 1927, arguing that defendants have not responded appropriately to his discovery requests. However, I decline to order sanctions because I conclude that plaintiffs have acted in good faith, objecting to plaintiff's requests when they thought it appropriate. See Shales v. Gen. Chauffeurs, Sales Drivers & Helpers, 557 F.3d 746, 749 (7th Cir. 2009). Plaintiff's discovery requests have been voluminous, and defendants have supplemented their responses and produced records as ordered.

3

I previously granted defendants permission to take plaintiff's deposition and need not address that issue again.

Plaintiff also asks me to appoint counsel for him. The decision of whether to recruit pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is left to the discretion of the district court. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). Plaintiff has made a reasonable attempt to obtain counsel, and thus the relevant questions are: (1) given the difficulty of the case, does plaintiff appear competent to try it himself, and (2) if not, would the presence of counsel be likely to affect the outcome? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). As to the first question, I must review whether the factual and legal difficulty of the case exceeds plaintiff's capacity as a layperson to litigate it. Santiago, 599 F.3d at 761. Plaintiff must be able to gather evidence, prepare and respond to motions and other court filings, and possibly try the case. Pruitt, 503 F.3d at 654-55. Cases involving medical evidence and claims that defendants acted with deliberate indifference are typically more difficult for pro se litigants. See Santiago, 599 F.3d at 761-62. However, in the present case, plaintiff's filings show that he understands the legal and factual issues surrounding his claims and that he is capable gathering evidence and filing motions. The medical evidence is not complex and plaintiff has personal knowledge of most of the facts supporting his claims. Although plaintiff's transfer to a different institution has slightly complicated discovery, plaintiff has displayed an ability to pursue his claims with tenacity and intelligence. Finally, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case. At this time, therefore, I will deny the motion to appoint counsel. However, I will do so without prejudice. I will continue to monitor the need for counsel, and plaintiff may raise the issue again as the case progresses.

For the reasons stated,

**IT IS HEREBY ORDERED** that defendant's motion to take plaintiff's deposition is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to strike is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for production is **GRANTED IN PART AND DENIED IN PART** consistent with this order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**FINALLY, IT IS ORDERED** that the defendants will respond to all outstanding discovery requests by October 25, 2010. Plaintiff may file a response brief to defendants' motion for summary judgment on or before November 30. Defendants may file a reply brief on or before fifteen days after receipt of plaintiff's response.

Dated at Milwaukee, Wisconsin this 22 day of September, 2010.

/s_____
LYNN ADELMAN
District Judge